D\F

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

BROOKLYN DIVISION

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP - 7 2010 ★
BROOKLYN OFFICE

Troy Jennings,
    Petitioner,

v.

United States of America,

)
)
)
)
)
)

CASE No.  O 2 - CR - 743

### RULE 60(b) MOTION

The Federal Bureau of Prison Involuntary Transfer of Jennings to a mental Hospital with out Notice and Adversary Hearing, violated the due process clause of the FOURTEENTH AMENDMENT & FIRST ADMENDMENT & SIXTH ADMENDMENT, 445 U.S. 480, Vitek v. Jones.

### STATEMENT OF FACT'S

The Federal Bureau of Prison Violated Vitek v. Jones 445 U.S. 480 , 63 Led 2d 552, 100 S. Ct. 1254 [No. 78-1155] VIOLATED THE NOTICE AND HEARING REQUIREMENT OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDENT (438 F, SUPP 569) THE FIRST AMENDENT & THE SIXTH AMENDMENT due process notice and hearing requirements under the fourteenth amendment were violated by application authorizing upon finding by a physicion or psycholosist that Jennings suffred from a mental disease or defect that could not be properly treated in the penal institution.

The United States Suprem Court will vacate the district court's consideration of the question mootness. SEE: Vitek v. Jones, 445 U.S. 480

Transferring Jennings to a Mental Hospital with out adquate notice and opportunity from a hearing deprived Jennings of liberty without due

process of Law was contrary to the Fourteenth Adendment, and that such transfers must be accompnied by adquate notice, an adversary hearing before an independent dicision matter, a written statement by the fact finder of the evidence relied on and the reason for the decision,and the availability of appointed counsel for indigent prisoners (437 F. Supp 569). The B.O.P. transfer Jennings to the Mental Hospital without following the procedures <Pg. 553>, perscribed in  it's judgment.

The involuntary transfer of Jennings to a Mental Hospitalimplicates a liberty interest that is protected by the due process clause of the Fourteenth Amendment. Jennings face stigmatizing consequences of a transfer to a Mental Hospital for involuntary psychiatric tretmeant as a treatment for Mental illness. This deprivation of liberty requir procedural protection, the due process clause include a written notice of the transfer, and adversary hearing before an independent decision maker, written findings, and effective and timely notice of such rights.

The case at bar is not moot, because there is  great  probability that Jennings would be transfered to a Mental Hospital upon finishing Jennings sentence soley due to Jennings Religous beliefs which is a First Amendment violation, due to the fact the sentencing court was in error to impermissibly delegate it's Judicial Authority to a non-article III actor (the Probation Officer)

1) The statutory languase dictates that the treatment must be specified by the court's : 18 U.S.C. §3563 (b)(9).

2) For the Probation Officer to make the initial decision would constitute an impermissible delegation of Article III Judicial power to a non-artical III actor (the Probation Officer).

PAGE 2 OF 10

3) Jennings is free to seek relief from the District court under 18
U.S.C. §3583 (e)(1), SEE United States v. Mickelson 433 F. 3d 1050, 1057
(8th Cir. 2006).

The court retains the ultimate responsibility for reviewing the
exercise of that Authority. Id. a 1056.
the Eleventh Circuit held that the following similarly worded phrase for
the same special condition impermissibly delegated to the probation
officer the ultimate responsibility of sentencing as deemed necessary by
the probation officer. SEE United States v. Nash, 438 F.3d 1302, 1306
(11th Cir. 2006)

The provision was impermissible delegation of authority to the
probation officer.

The Courts Supervised Release Condition:

1) Troy Jennings participated in a mental health treatment out patient
program approved by the U.S. Probation Office.

2) The Defendant shall contribute to the cost of service rendered or
any psychotropic medication prescribed via co-payment in an amount to be
determined by the U.S. Probation Office.

The Courts supervosed release condition that the Defendant/Petitioner
recive mental health deemed appropriate by his probation officer was an
abuse of discretion which violated Mr. Jenning's 1st and 6th Amendment
Rights.
The District Court has abdicated it's judicial responsibility and imposes
greaterdeprivation of "liberty". There is plain error here, and
constitutionally impermissible delegation of the courts sentencing
authority.

The Eleventh Circuit Explained, the phrase as deemed necessary by

the probation officer "impermissibly delegated to the probation officer a duty reserved solely for the District Court" SEE <u>United States v. Kent,</u> 209 F. 3d 1073, 1074-5, 1078-9 (8th Cir. 2000). As these decisions demonstrate, the special conditions in the written judgment leave to the probation officer the authority not only to implement the condition but to determine whether the defendant should or should not undergo mental health treatment while on supervised release. SEE <u>Lopaz v. Muxtay,</u>2009 WI 3016263, at *1 (5th Cir. Sept. 2009)(unpublished).

Under our Constitution, "The Judicial Power of the United States may be exercised only by life-tenured judges with undiminishable compensation -commonly referred to as Article III Judges". U.S. Constitution, Art. III, §1, and Felony Sentencing is at at"the core of the judicial power" that may be exercised only by article III judges.

Encompassed within the core judicial function of sentencing is the setting of any conditions of supervised release. SEE e.g. <u>United States v. Proden,</u> 398 F. 3d 241, 205 (3rd Cir. 2005).

SEE <u>United States v. Johnson,</u>48 F. 3d 806, 808 (4th Cir. 1995) the imposition of a sentence, including any terms of probation or supervised release, is a core judicial function. "Ths", requiring a defendant to participate in a mental health program as conditions of his supervised release is unquestionably a judicial function. SEE <u>United States v. Heath,</u> 419 F. 3d 1312, 1315,(11th Cir. 2005). SEE <u>United States v. Pruden,</u>398 F. 3rd 241, 250 (3rd Cir. 2005).

The relevant statutes themselves thus clearly contemplate that the Court will order whatever mental health treatment is needed, and not provide a blank check to the probation officer.

PAGE 4 OF 10

Under current law, so as to justify correction under the plain error rule, first, it has been clear in this court since at least 1994 that the unauthorized delegation of authority from an article III judicial officer to a non-article III official (like a probation officer) is error that is plain. SEE United States v. Albro, 32 F. 3d 173, 174 n.1 (5th Cir. 1994).

## REQUESTED RELIEF

The Petitioner is requesting that the court make a statement of reason for imposing sentence as stated in 18 § 3553 (c).

1) That Troy Jennings participate in a meantal health treatment out patient program approved by the U.S. Probation Officer solely due to Troy Jennings religious beliefs.

2) That Troy Jennings contribute to the cost of service render of any psychtropic medication prescribed visa co-payment base on the ability to pay or the availability of third party solely due to Troy Jennings religious beliefs.

3) That Troy Jennings be designated to the United States Medical Center for Federal Prisoners, Spring Field, Missouri, May 15, 2003, solely due to Troy Jennings religious beliefs.

The due process clause of the Fourteenth Amendment requires that the District Court and the Federal Bureau Of Prisons afford Troy Jennings the opportunity to be heard prior to involuntary transfer to a Mental Hospital, Spring Field, Missouri Medical Center.

The hearing required by due process must be accorded prior, before the effective decision constitutional Law § 746 due process procedure

PAGE 5 OF 10

Jennings has the Right to confront and cross-examine adverse witness and submit other evidence in his defense which is constitutionaly protected 3583 <u>inclusion of term of Supervised Release after imprisonment</u>.

(a) In general, the court in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the Defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the Defendant be placed on a term of Supervised Release <u>if such a term is required by statute</u>.

The advisory break down in the Diagnostic Forensic Psychological assessment which violated the Statutory requirement of 18 U.S.C. § 4241 (d) was the only sentence that is required by Statute statutory requirement of 18 U.S.C. § 4241 (d) provides that upon finding Jennings is in need of treatment, Jennings must be committed to the United States Medical Center For Federal Prisoners, Spring Field, Missouri, for service of his sentence <u>before trial, not after trial</u> Troy Jennings was initially designated to the United States Medical Center For Federal Prisoners, Spring Field, Missouri, for service of his sentence after trial, not before which violated the <u>Fourteenth Amendment, Sixth Amendment due process clause</u> and Jennings <u>First Amendment Rights</u>, 18 U.S.C. § 3553. <u>Imposition of a sentence:</u>

(a) Factors to be considered in imposing a sentence the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set fourth in paragraph (2),

(2) The need for the sentence imposed

PAGE 6 OF 10

(d) To provide the Defendant with needed medical care 18 U.S.C. §3553
(c) Statement of reason for imposing a sentence the court, at the time
of sentencing, shall state in open court the reasons for it's imposition
of the particular sentence. Supervised release to an out patient program
Violated Supervised Release Statue since Jennings mental health was
not related in any tangible way to his conviction charges the out patient
Mental Health Treatment was not a relevant nature and circumstance of
the indictment or the conviction it did not further statutory goals of
deterrence, protection or rehabilition.

## STATEMENT OF REASONS

Transcribed oral findings can serve as "written statements" of
evidence and reason for revoking Supervised Release under Due Process
claim when transcript and record complied before trial judge enables
reviewing court to determine basis of trial courts decision. SEE United
States v. Copiey, C.A.4. (W. VA.) 1992, 978 F. 2d 829. Jennings sentence
to the United States Medical Center For Federal Prisoners, Spring Field,
Missouri, for service of his sentence after trial, not before trial as
stated in the requirement of 18 U.S.C. §4241 (d) was not sufficintly
detailed, as stated in 18 § 3563 (b)(9), Jennings may under go available
medical, psychiatric or psychologcal treatment as specified by the
court, and remain in a speicfied institution if required for that
purpose; judges required to state in open court the reason for imposing
of particular sentence ; SEE United States v. Jimenez Martinez, C.A.1.
(Mass.) 1996, 83 F. 3d 488, Impostion of sentence without articulation
of reason render Troy Jennings sentence in violation of law unless
and untill sentencing Judge Murtha provide statutorily mandated statement

PAGE 7 OF 10

of adequate reason. SEE United States v. Zackson, C.A.2. (N.Y.)1993,

6 F. 3d 911, sentencing court must make general statement of it's

reasoning for sentencing imposed regardless of whether range exceed

24 months or whether departure sentence is imposed, SEE United States

v. Underwood, C.A.10. (Kan.) 1991, 938 F. 3d 1086, The statue calls

upon the court to state the reason for the impositions of the particular

sentence and the reason for imposing a sentence which differs from the

the Guide Lines, SEE United States v. Georgiadis, C.A.3. (Pa.) 1991,

933 F. 2d 1210, Specific reason for sentence need to be articulated in

written memorandum, where reason appeared in record of sentencing

proceeding in open court, SEE United States v. Wivell, C.A.8.(Min.)

1990, 893 F. 2d 156, Also SEE United States v. Wilson, C.A.9.(Cal.)

1993, 7 F. 3d 828,

1) An individual's charcteristics, religious beliefs factors should

not be used for imposing the sentence that Jennings participate in a

mental health out patient program approved by U.S. Probation Officer.

2) That Troy Jennings contribute to the cost of service render of any

psychotropic medication prescribed.

3) That Troy Jennings be designated to the United States Medical

Center For Federal Prisoners, Spring Field, Missouri, May 15, 2003,

solely due to his religious beliefs.

Never the less, in accordance with 18 U.S.C. §3553 (a) it is the

job of the District Court to impose a sentence which takes into account

the nature and the circumstances of the offense, as well as the character

and seriouness of the offence. It is also the duty of the court to

impose a sentence that reflects the seriouness of the offense, prmote

respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protects the public from further crimes of the defendant and provide the defendant with needed education, vocational training, medical care, or other correctional treatment.

Given the factual and procedural error it's clearly a substantiuely unreasonable sentence which violates Troy Jennings First Amendment Rights pertaining to his religious beliefs and § 3582 (a), imposition of a sentence of imprisonment which violated the statutory requirement of 18 U.S.C. §4241 (d), which provides that upon finding Jennings is in need of treatment the Petitioner must be committed to United States Medical Center For Federal Prisoners, Spring Field Missouri, before trial not after trial.

The sentencing court does not have the authority to sentence Troy Jennings base solely on his religious beliefs which lead to devate from 18 U.S.C. §3553 (a), to demonstrate plain error, a defendant must show:

1) Error

2) That was obvious or clear

3) That affected defendant's substantial rights

4) That affected fairness, integrity, an public reputation of the judgicial proceeedings

The Petitioner has demonstrated all four prongs of plain error due to the addvisiory break down in the Diagnostic Forensic Psycholoical assessment  which violated the statutory requirement of 18 U.S.C. § 4241 (d), requirement of 18 U.S.C. § 3553 (a), Which violated Jennings First Amendant Rights, Sixth Amendment Rights, and Fourteenth Amendment Rights

The Petitioner also request that his sentence be vacated and a new

PAGE 9 OF 10

**trial granted as requested relief.**

## REQUESTED RELIEF
### STATEMENT OF ISSUE #1

Due to the facts the District Court impermissibly delegated it's
Judicial Authority and power to a NON-Article III actor (The Probation
Office). The Special conditions in the written Judgment leaves to the
Probation Officer the ultimate decision whether to require Jennings to
participate in a Mental Health Program while on Supervised Release, which
Violated the United States Constitution. The Judicial Power of the United
States maybe exercised only by life tenured Judges with undiminshable
compensation - commonly referred to as Article III Judges.

1) The statutory language dictates that the treatment must be specified by
the courts, 18 U.S.C.§3563(b)(9):

The Petitioner request that the Mental Health Treatment Out Patient
Program approved by the U.S. Probation Officer Sentence be Vacated.

2) The sentence that the Petitioner shall contribute to the cost of service
render or Psychtropic Medication Prescribed visa co-payment in an amount to
be determined by the U.S. Probation Officer base on ability to pay or the
availability of third-party. Be vacated as well.

## REQUESTED RELIEF
### STATEMENT OF ISSUE #2

Due to the facts Troy Jennings/Petitioner was initially designated as
part of his Sentence to The United States Medical Center For Federal
Prisoners Spring Field Missouri on May 15, 2003, as an initial Court
commitment.

Wherefore, the Petitioner has demonstrated that he has not commited any
crimes against the United States, to initially be designated to the United
States Medical Center For Federal Proisoners, Spring Field Missouri which
violated Vitek v. Jones,445 U.S. 480, 100 S. Ct. 1254(1980), my First
amendment Rights, and Sixth Amendment Rights as well.

Due to the advisory break down in the Diagnostic Forensic Psychological

Assessment

Which violated the Statutory Requirement of 18 U.S.C. § 4241(d) which provides that upon finding Jennings is in need of treatment the Petitioner must be committed to U.S. Medical Center For Federal Prisoners Spring Field Missouri, BEFORE TRIAL NOT AFTER TRIAL.

According to these facts the Petitioner request that his sentence be Vacated and New Trial Granted.

REQUESTED RELIEF
STATEMENT OF ISSUE #3

The Petitioner request that his sentence be Vacated that Troy Jennings shall make restitution to Corona -A- United States Post Office $34,000.00.

For this was Count Two of the Indictment which the Petitioner was found NOT GUILTY of by a Jury.

This is a sixth Amendment Violation in which I am Requesting that it be Corrected for the Record.

REQUESTED RELIEF
STATEMENT OF ISSUE #4

Due to the facts the District Court has went out side of the Statutory Provision of 18 U.S.C. § 2114(a), 18 U.S.C. § 924(c), 18 U.S.C. § 922(g)(1) , and 18 U.S.C. § 1951, the court imposed a term of Five Years Supervised Release, Concurrent on all Counts.

The Statutory Provision does not call for or require any type of Probation or Special condition of release which therefore renders an Illegal Unconstitutional Sentence.

The Petitioner is requesting that the Supervised Release be Vacated and that his Sentence Corrected by way of Resentenceing.

# EXHIBIT A

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

| | | Judgment-Page 5 of 9 |

DEFENDANT:   Troy Jennings

CASE NUMBER:   02-CR-743

## SPECIAL CONDITIONS OF SUPERVISION

(1) The defendant shall comply with the restitution order set out in this judgment. Payment of any outstanding restitution shall become a condition of supervised release.

(2) The defendant shall permit the U.S. Probation Office access to any requested financial information.

(3) The defendant shall participate in a mental health treatment program approved by the U.S. Probation Office. The defendant shall contribute to the cost of services rendered or any psychotropic medications prescribed via co-payment or full payment in an amount to be determined by the Probation Office based on ability to pay or the availability of third-party payment.

(4) The defendant shall submit his person, residence, place of business or vehicle to a search, conducted by a U.S. Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to searches pursuant to this condition.

(5) The defendant is prohibited from the possession of a firearm.

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
CRIMINAL JUSTICE INFORMATION SERVICES DIVISION
CLARKSBURG, WV  26306

MO039017C                                    ICN IFCS0003000021034950
PART 5

- FBI IDENTIFICATION RECORD - FBI NO-7284AA1

12-ARRESTED OR RECEIVED 2001/03/21  SID- NY4892893J
    AGENCY-POLICE DEPARTMENT NEW YORK (NY0303000)
        AGENCY CASE-Q01014794L NAME USED-BATES,TROY
        CHARGE 1-PL 160.05 00 D F 3 ROBBERY-3 01 1299
        CHARGE 2-PL 120.00 01 A M 3 ASSAULT 3 01 1399
        CHARGE 3-PL 220.03 00 A M 7 CPCS-7 01 3599

13-ARRESTED OR RECEIVED 2003/05/15
    AGENCY-FED MED CTR PRISONER SPRINGFIELD (MO039017C)
        AGENCY CASE-USM67949053 NAME USED-JENNINGS,TROY KEITH
        CHARGE 1-CONSPIRACY TO COMMIT ROBBERY;ROBBERY

    COURT-
        CHARGE-CONSPIRACY TO COMMIT ROBBERY;ROBBERY
        SENTENCE-
        110 MONTHS/5 YEARS SRT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
            WANTED                                          *
                                                            *
    CONFIRM THAT WARRANT IS STILL OUTSTANDING               *
                                                            *
    AGENCY-SHERIFF'S OFFICE CHARLESTON (SC0100000)          *
    WANTED-NCIC #W892902195                                 *
    BATES,TROY                                              *
    FRAUD (FREE TEXT)                                       *
    CASE #93-053495                                         *
    DATE OF WARRANT 07/14/1993                              *
    NOTIFY SC0100000 SHERIFF'S OFFICE CHARLESTON SC         *
    CAUTION-QUERY NCIC FOR REASON OF CAUTION                *
    AND POSSIBLE CROSS REFERENCE INFORMATION                *
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ECORD UPDATED 2003/06/16

ιL ARREST ENTRIES CONTAINED IN THIS FBI RECORD ARE BASED ON
ΙΝΓ 'RINT COMPARISONS AND PERTAIN TO THE SAME ΙNDIVIDUAL.

        ' THIS RECORD IS REGULATED BY LAW.  IT IS PROVIDED FOR OFFICIAL
        'Ͻ MAY BE USED ONLY FOR THE PURPOSE REQUESTED.

---

## 445 US 480  VITEK v JONES

JOSEPH VITEK, etc., et al., Applicants,

*vs.*

LARRY D. JONES

## 445 US 480, 63 L Ed 2d 552, 100 S Ct 1254

[No. 78-1155]

**Argued December 5, 1979.**

**Decided March 25, 1980.**

### DECISION

Involuntary transfer of state prisoner to state mental hospital without notice and adversary hearing, held violative of due process clause of Fourteenth Amendment.

### SUMMARY

A Nebraska state prisoner who was transferred to a state mental hospital pursuant to a Nebraska statute authorizing the Director of Correctional Services to transfer a prisoner when a designated physician finds that the prisoner "suffers from a mental disease or defect" and "cannot be given proper treatment" in prison, intervened in a case pending in the United States District Court for the District of Nebraska which had been brought by other prisoners against the state challenging, on procedural due process grounds, the adequacy of the procedures by which Nebraska permits the transfer of a prisoner from a prison complex to a mental hospital. A three-judge District Court was convened and declared the statute unconstitutional as applied to the prisoner, holding that transferring him to a mental hospital without adequate notice and opportunity for a hearing deprived him of liberty without due process of law contrary to the Fourteenth Amendment, and that such transfers must be accompanied by adequate notice, an adversary hearing before an independent decisionmaker, a written statement by the factfinder of the evidence relied on and the reasons for the decision, and the availability of appointed counsel for indigent prisoners (437 F Supp 569). The District Court requested counsel to suggest

LED2                                                          1

© 2010 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to th restrictions and terms and conditions of the Matthew Bender Master Agreement

appropriate relief, and, after learning that the prisoner had been transferred from the hospital to the psychiatric ward of the prison, the court entered its judgment in which the court declared the statute unconstitutional as applied to the prisoner and permanently enjoined the state from transferring the prisoner to the mental hospital without following the procedures <*pg. 553> prescribed in its judgment. Thereafter, on direct appeal, the United States Supreme Court vacated the judgment of the District Court and remanded the case to that court for consideration of the question of mootness (56 L Ed 2d 381). Although the prisoner had been paroled on condition that he accept psychiatric treatment at a Veterans' Administration hospital, the District Court, on remand, found that the case was not moot because the prisoner was subject to, and was in fact under, the threat of being transferred to the state mental hospital pursuant to the state statute if the injunction was removed. The District Court then reinstated its original judgment.

On direct appeal, the United States Supreme Court affirmed, with modification. Although unable to agree on an opinion with regard to the portion of the District Court's judgment mandating the availability of appointed counsel for indigent prisoners, five members of the court agreed that a prisoner was entitled to qualified and independent assistance at an adversary hearing. In an opinion (part of which constituted the opinion of the court-parts I, II, III, IV-A. and V) by White, J., joined by Brennan, Marshall, Powell, and Stevens, JJ., it was held that (1) the decision of the District Court remained a live controversy and was not moot even though, after the decision had been appealed to the United States Supreme Court, the prisoner had been paroled on condition that he accept psychiatric treatment at a Veterans' Administration hospital, and then returned to prison for having violated that parole, it not being absolutely clear, absent the injunction, that the alleged wrongful behavior could not reasonably be expected to recur, (2) the involuntary transfer of a state prisoner to a mental hospital implicates a liberty interest that is protected by the due process clause of the Fourteenth Amendment, since under the state statute allowing for such transfers, a prisoner could reasonably expect that he would not be transferred to a mental hospital without a finding that he was suffering from a mental illness for which he could not secure adequate treatment in the prison, and since, independent of the statute, the stigmatizing consequences of a transfer to a mental hospital for involuntary psychiatric treatment, coupled with the subjection of the prisoner to mandatory behavior modification as a treatment for mental illness, constitute the kind of deprivations of liberty that require procedural protections, and (3) the procedural protections required by the due process clause include a written notice of the transfer, an adversary hearing before an independent decisionmaker, written findings, and effective and timely notice of such rights. White, J., joined by Brennan, Marshall, and Stevens, JJ., also expressed the view (part IV-B of the opinion) that it is appropriate that counsel be provided to indigent prisoners whom the state seeks to treat as mentally ill.

Powell, J., concurring in part, joined in the opinion of the court except with respect to a prisoner's entitlement to legal counsel, agreeing that qualified and independent assistance must be

LED2                                                         2

© 2010 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to th restrictions and terms and conditions of the Matthew Bender Master Agreement

provided to an inmate who is threatened with involuntary transfer to a state mental hospital, but expressing the view that an inmate need not always be supplied with a licensed attorney.<*pg. 554>

Stewart, J., joined by Burger, Ch. J., and Rehnquist, J., dissented, expressing the view that the case at bar was moot, because there was no demonstrated probability that the prisoner would again be transferred to a state hospital in accord with the state statute.

Blackmun, J., dissenting, expressed the view that the case at bar was not ripe for adjudication, since the asserted injury, as well as any immediate threat that the injury would be suffered again, had disappeared, at the latest, when the prisoner was granted parole.

**RESEA**

© 2010 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to th restrictions and terms and conditions of the Matthew Bender Master Agreement



**U.S. Department of Justice**

Office of Information Policy

---

*Telephone: (202) 514-3642*                      *Washington, D.C. 20530*

MAY 2 7 2010

Mr. Troy Jennings
Register No. 67949-053
United States Penitentiary            Re:    Appeal No. 2010-0488
Post Office Box 1034                          Request No. 2010-00835
Coleman, FL 33521                             CAS:AMJ

Dear Mr. Jennings:

     You appealed from the action of the Northeast Regional Office of the Federal Bureau of
Prisons (BOP) on your request for access to records pertaining to the transfer order used to
designate you to the Federal Medical Center in Springfield, Missouri, on May 15, 2003.

     After carefully considering your appeal, I am affirming BOP's action on your request.
BOP informed you that it was unable to locate any records responsive to your request.  I have
determined that BOP's response was correct and that it conducted an adequate, reasonable search
for records responsive to your request.

     I note that on appeal you seek a copy of a certificate that you believed was filed in court
in connection with your commitment.  Please be advised that you may not on appeal expand the
scope of your initial request, which was limited to records related to your transfer order.
Accordingly, I suggest that you submit a new Freedom of Information Act request to BOP for the
records you now seek.

     If you are dissatisfied with my action on your appeal, you may file a lawsuit in
accordance with 5 U.S.C. § 552(a)(4)(B).

                                        Sincerely,

                                        Janice Galli McLeod
                                        Associate Director

                                        By: *Anne D. Work*

                                        Anne D. Work
                                        Acting Senior Counsel
                                        Administrative Appeals Staff

**U.S. Department of Justice**

Office of Information Policy

---

*Telephone: (202) 514-3642*                          *Washington, D.C. 20530*

**JUN 0 9 2010**

Mr. Troy Jennings
Register No. 67949-053
United States Penitentiary                Re:      Appeal No. 2010-0498
Post Office Box 1034                               Request No. 2009-11668
Coleman, FL  33521                                 CAS:AMJ

Dear Mr. Jennings:

    This responds to your correspondence dated November 8, 2009, in which you referenced Freedom of Information Act Request No. 2009-11668.

    I note that although your correspondence references a FOIA request that you submitted to the Federal Bureau of Prisons (BOP), your letter seeks information that is unrelated to that request.  Specifically, you attempted to make a new request for a psychological examination report conducted by BOP personnel at the Federal Medical Center at Springfield.  Please note that you may not on appeal expand the scope of your initial request, which was limited to a copy of the form "EMS-409.051 Request for Transfer/Application of Management Variable" and to records pertaining to your "initial court commitment."  Accordingly, if you are interested in obtaining your psychological report, I suggest that you submit a new FOIA request to BOP for the records you now seek.

                              Sincerely,

                              Janice Galli McLeod
                              Associate Director

                              By:

                              Anne D. Work
                              Acting Senior Counsel
                              Administrative Appeals Staff

```
ALFDD           *        PUBLIC INFORMATION        *      04-26-2010
PAGE 003        *           INMATE DATA            *      13:54:14
                          AS OF 04-26-2010

REGNO..: 67949-053 NAME: JENNINGS, TROY

                    RESP OF: CLP
                    PHONE..: 352-689-7000    FAX: 352-689-7012
----------------------CURRENT OBLIGATION NO: 020 ----------------------
OFFENSE CODE....:  130
OFF/CHG: 18:924(C) USE OF A FIREARM IN RELATION TO A CRIME OF
          VIOLENCE (CT7)

 SENTENCE PROCEDURE.............:3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    7 YEARS
 TERM OF SUPERVISION............:    5 YEARS
 CLASS OF OFFENSE...............: CLASS A FELONY
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: C/S TO 010/010
 DATE OF OFFENSE................: 03-30-2002

----------------------CURRENT COMPUTATION NO: 010 ----------------------

COMPUTATION 010 WAS LAST UPDATED ON 12-04-2009 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 03-07-2008 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 010 020

DATE COMPUTATION BEGAN..........: 03-07-2003
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:    7 YEARS    110 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:   16 YEARS      2 MONTHS
AGGREGATED TERM OF SUPERVISION..:    5 YEARS
EARLIEST DATE OF OFFENSE........: 03-16-2002

JAIL CREDIT.....................:   FROM DATE     THRU DATE
                                    04-13-2002    04-18-2002
                                    06-10-2002    03-06-2003




G0002        MORE PAGES TO FOLLOW . . .
```

```
ALFDD          *      PUBLIC INFORMATION        *      04-26-2010
PAGE 004 OF 004 *         INMATE DATA           *      13:54:14
                        AS OF 04-26-2010
```

REGNO..: 67949-053 NAME: JENNINGS, TROY

```
                      RESP OF: CLP
                      PHONE..: 352-689-7000    FAX: 352-689-7012
TOTAL PRIOR CREDIT TIME.........: 276
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 565
TOTAL GCT EARNED................: 181
STATUTORY RELEASE DATE PROJECTED: 01-15-2017
EXPIRATION FULL TERM DATE.......: 08-03-2018


PROJECTED SATISFACTION DATE.....: 01-15-2017
PROJECTED SATISFACTION METHOD...: GCT REL
```

S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

```
ALFDD  531.01 *          INMATE HISTORY              *      04-26-2010
PAGE 001      *            QUARTERS                  *      14:12:29

REG NO..: 67949-053 NAME....: JENNINGS, TROY
CATEGORY: QTR        FUNCTION: PRT        FORMAT:
```

| FCL | ASSIGNMENT | DESCRIPTION | | | | START DATE/TIME | STOP DATE/TIME |
|-----|-----------|-------------|---|---|---|-----------------|----------------|
| CLP | Z09-216LAD | HOUSE Z/RANGE 09/BED 216L AD | | | | 04-22-2010 1845 | CURRENT |
| CLP | K01-221L | HOUSE K/RANGE 01/BED 221L | | | | 02-23-2010 1519 | 04-22-2010 1845 |
| CLP | K01-112U | HOUSE K/RANGE 01/BED 112U | | | | 02-09-2010 1753 | 02-23-2010 1519 |
| CLP | K01-109U | HOUSE K/RANGE 01/BED 109U | | | | 02-09-2010 1748 | 02-09-2010 1753 |
| CLP | R01-001L | HOUSE R/RANGE 01/BED 001L | | | | 02-09-2010 1535 | 02-09-2010 1748 |
| OKL | C07-309L | HOUSE C/RANGE 07/BED 309L | | | | 02-08-2010 2036 | 02-09-2010 0752 |
| OKL | C08-429L | HOUSE C/RANGE 08/BED 429L | | | | 02-08-2010 1739 | 02-08-2010 2036 |
| OKL | C07-310U | HOUSE C/RANGE 07/BED 310U | | | | 02-08-2010 1700 | 02-08-2010 1739 |
| CAA | Z06-254UAD | HOUSE Z/RANGE 06/BED 254U AD | | | | 01-31-2010 1423 | 02-08-2010 0700 |
| CAA | Z06-247UAD | HOUSE Z/RANGE 06/BED 247U AD | | | | 01-10-2010 1447 | 01-31-2010 1423 |
| CAA | Z06-254UAD | HOUSE Z/RANGE 06/BED 254U AD | | | | 01-04-2010 1257 | 01-10-2010 1447 |
| CAA | Z02-202LDS | HOUSE Z/RANGE 02/BED 202L DS | | | | 01-04-2010 0037 | 01-04-2010 1257 |
| CAA | Z02-215LDS | HOUSE Z/RANGE 02/BED 215L DS | | | | 12-29-2009 1349 | 01-04-2010 0037 |
| CAA | Z02-202LDS | HOUSE Z/RANGE 02/BED 202L DS | | | | 12-08-2009 1228 | 12-29-2009 1349 |
| CAA | Z06-243UAD | HOUSE Z/RANGE 06/BED 243U AD | | | | 11-16-2009 1545 | 12-08-2009 1228 |
| CAA | Z06-248UAD | HOUSE Z/RANGE 06/BED 248U AD | | | | 11-02-2009 2149 | 11-16-2009 1545 |
| CAA | Z01-001LAD | HOUSE Z/RANGE 01/BED 001L AD | | | | 11-02-2009 2148 | 11-02-2009 2149 |
| CAA | F02-211L | HOUSE F/RANGE 02/BED 211L | | | | 09-15-2009 1325 | 11-02-2009 2148 |
| CAA | F01-101L | HOUSE F/RANGE 01/BED 101L | | | | 09-15-2009 1210 | 09-15-2009 1325 |
| CAA | Z03-125UAD | HOUSE Z/RANGE 03/BED 125U AD | | | | 08-25-2009 0203 | 09-15-2009 1210 |
| CAA | Z03-124LAD | HOUSE Z/RANGE 03/BED 124L AD | | | | 08-23-2009 0146 | 08-25-2009 0203 |
| CAA | Z01-001LAD | HOUSE Z/RANGE 01/BED 001L AD | | | | 08-22-2009 2124 | 08-23-2009 0146 |
| CAA | F02-211L | HOUSE F/RANGE 02/BED 211L | | | | 06-26-2009 1223 | 08-22-2009 2124 |
| CAA | F01-101L | HOUSE F/RANGE 01/BED 101L | | | | 06-26-2009 0722 | 06-26-2009 1223 |
| CAA | Z04-218LAD | HOUSE Z/RANGE 04/BED 218L AD | | | | 06-25-2009 1806 | 06-26-2009 0722 |
| CAA | Z01-001LAD | HOUSE Z/RANGE 01/BED 001L AD | | | | 06-25-2009 1535 | 06-25-2009 1806 |
| ALP | A03-111L | HOUSE A/RANGE 03/BED 111L | | | | 05-21-2009 1218 | 06-25-2009 1039 |
| ALP | A03-111U | HOUSE A/RANGE 03/BED 111U | | | | 03-11-2009 0719 | 05-21-2009 1218 |
| ALP | A03-117U | HOUSE A/RANGE 03/BED 117U | | | | 01-05-2009 0904 | 03-11-2009 0719 |
| ALP | D03-117U | HOUSE D/RANGE 03/BED 117U | | | | 12-26-2008 1000 | 01-05-2009 0904 |
| ALP | D03-119U | HOUSE D/RANGE 03/BED 119U | | | | 12-18-2008 1533 | 12-26-2008 1000 |
| ALP | D03-117U | HOUSE D/RANGE 03/BED 117U | | | | 12-08-2008 1438 | 12-18-2008 1533 |
| ALP | Z01-121UAD | HOUSE Z/RANGE 01/BED 121U AD | | | | 11-23-2008 0749 | 12-08-2008 1438 |
| ALP | Z01-120UAD | HOUSE Z/RANGE 01/BED 120U AD | | | | 11-07-2008 1644 | 11-23-2008 0749 |
| ALP | Z01-123UAD | HOUSE Z/RANGE 01/BED 123U AD | | | | 11-06-2008 2117 | 11-07-2008 1644 |
| ALP | Z01-101UAD | HOUSE Z/RANGE 01/BED 101U AD | | | | 11-06-2008 2114 | 11-06-2008 2117 |
| ALP | A03-122U | HOUSE A/RANGE 03/BED 122U | | | | 10-20-2008 1303 | 11-06-2008 2114 |
| ALP | D03-118U | HOUSE D/RANGE 03/BED 118U | | | | 10-16-2008 1358 | 10-20-2008 1303 |
| ALP | Z01-117UAD | HOUSE Z/RANGE 01/BED 117U AD | | | | 10-14-2008 2127 | 10-16-2008 1358 |
| ALP | Z01-101UAD | HOUSE Z/RANGE 01/BED 101U AD | | | | 10-14-2008 1905 | 10-14-2008 2127 |
| ALP | R01-001L | HOUSE R/RANGE 01/BED 001L | | | | 10-14-2008 1650 | 10-14-2008 1905 |

```
G0002        MORE PAGES TO FOLLOW . . .
```

Jennings v. U.S., 3:CV-10-138
Diehl Declaration, Attachment B.

```
ALFDD  531.01 *              INMATE HISTORY            *     04-26-2010
PAGE 002        *               QUARTERS              *     14:12:29

REG NO..: 67949-053 NAME....: JENNINGS, TROY
CATEGORY: QTR        FUNCTION: PRT           FORMAT:

FCL   ASSIGNMENT DESCRIPTION                         START DATE/TIME STOP  DATE/TIME
OKL   C12-406L   HOUSE C/RANGE 12/BED 406L           10-11-2008 2156 10-14-2008 0900
OKL   C12-408L   HOUSE C/RANGE 12/BED 408L           10-03-2008 1921 10-11-2008 2156
POL   A04-432U   HOUSE A/RANGE 04/BED 432U           08-19-2008 1445 10-03-2008 0900
POL   A04-432U   HOUSE A/RANGE 04/BED 432U           07-07-2008 1000 08-15-2008 1222
POL   A04-432U   HOUSE A/RANGE 04/BED 432U           04-24-2008 1000 07-07-2008 0753
POL   A04-428U   HOUSE A/RANGE 04/BED 428U           03-21-2008 1526 04-24-2008 1000
POL   B01-140U   HOUSE B/RANGE 01/BED 140U           03-14-2008 1555 03-21-2008 1526
POL   B01-101LH  HOUSE B/RANGE 01/BED 101L H         03-14-2008 1251 03-14-2008 1555
POL   Z01-105UAD HOUSE Z/RANGE 01/BED 105U AD        02-25-2008 1728 03-14-2008 1251
POL   Z05-208UAD HOUSE Z/RANGE 05/BED 208U AD        02-21-2008 2306 02-25-2008 1728
POL   Z01-101LAD HOUSE Z/RANGE 01/BED 101L AD        02-21-2008 2040 02-21-2008 2306
POL   C03-334U   HOUSE C/RANGE 03/BED 334U           08-27-2007 2033 02-21-2008 2040
POL   R01-001L   HOUSE R/RANGE 01/BED 001L           08-27-2007 1400 08-27-2007 2033
OKL   C03-305L   HOUSE C/RANGE 03/BED 305L           08-18-2007 0825 08-27-2007 0415
OKL   C03-318L   HOUSE C/RANGE 03/BED 318L           08-16-2007 1020 08-18-2007 0825
BMP   R01-001L   HOUSE R/RANGE 01/BED 001L           08-15-2007 2043 08-16-2007 0126
BMP   Z02-002LDS HOUSE Z/RANGE 02/BED 002L DS        08-10-2007 0217 08-15-2007 2043
BMP   Z02-003LDS HOUSE Z/RANGE 02/BED 003L DS        07-20-2007 2254 08-10-2007 0217
BMP   Z02-001LDS HOUSE Z/RANGE 02/BED 001L DS        06-29-2007 0318 07-20-2007 2254
BMP   Z02-010LDS HOUSE Z/RANGE 02/BED 010L DS        05-12-2007 1515 06-29-2007 0318
BMP   Z05-501LO  HOUSE Z/RANGE 05/BED 501L O         05-12-2007 1113 05-12-2007 1515
BMP   C02-229U   HOUSE C/RANGE 02/BED 229U           04-23-2007 1346 05-12-2007 1113
BMP   C02-229L   HOUSE C/RANGE 02/BED 229L           08-06-2006 1632 04-23-2007 1346
BMP   C02-229U   HOUSE C/RANGE 02/BED 229U           07-31-2006 1232 08-06-2006 1632
BMP   C02-229L   HOUSE C/RANGE 02/BED 229L           07-23-2006 1537 07-31-2006 1232
BMP   C01-121L   HOUSE C/RANGE 01/BED 121L           06-06-2006 1147 07-23-2006 1537
BMP   C01-120L   HOUSE C/RANGE 01/BED 120L           04-21-2006 1254 06-06-2006 1147
BMP   B01-115L   HOUSE B/RANGE 01/BED 115L           02-27-2006 0826 04-21-2006 1254
BMP   B01-115U   HOUSE B/RANGE 01/BED 115U           02-06-2006 1108 02-27-2006 0826
BMP   B01-115L   HOUSE B/RANGE 01/BED 115L           01-31-2006 0741 02-06-2006 1108
BMP   B01-103L   HOUSE B/RANGE 01/BED 103L           01-31-2006 0109 01-31-2006 0741
BMP   R01-001L   HOUSE R/RANGE 01/BED 001L           01-30-2006 2013 01-31-2006 0109
OKL   C11-329L   HOUSE C/RANGE 11/BED 329L           01-23-2006 1900 01-30-2006 1010
LEW   Z01-011LAD HOUSE Z/RANGE 01/BED 011L AD        01-09-2006 1208 01-23-2006 0747
LEW   Z01-006LAD HOUSE Z/RANGE 01/BED 006L AD        12-19-2005 1056 01-09-2006 1208
LEW   Z01-003UAD HOUSE Z/RANGE 01/BED 003U AD        12-01-2005 1230 12-19-2005 1056
LEW   Z01-012UAD HOUSE Z/RANGE 01/BED 012U AD        11-21-2005 1315 12-01-2005 1230
LEW   Z01-011UAD HOUSE Z/RANGE 01/BED 011U AD        11-03-2005 1443 11-21-2005 1315
LEW   Z01-010UAD HOUSE Z/RANGE 01/BED 010U AD        10-11-2005 1433 11-03-2005 1443
LEW   Z01-009UAD HOUSE Z/RANGE 01/BED 009U AD        10-06-2005 1239 10-11-2005 1433
LEW   Z01-024LAD HOUSE Z/RANGE 01/BED 024L AD        10-05-2005 0903 10-06-2005 1239


G0002        MORE PAGES TO FOLLOW . . .
```

00009

```
ALFDD  531.01 *                  INMATE HISTORY              *      04-26-2010
PAGE 003 OF 003 *                  QUARTERS                  *      14:12:29

REG NO..: 67949-053 NAME....: JENNINGS, TROY
CATEGORY: QTR          FUNCTION: PRT          FORMAT:

FCL     ASSIGNMENT DESCRIPTION                     START DATE/TIME STOP  DATE/TIME
LEW     I01-103LH  HOUSE I/RANGE 01/BED 103L H     10-04-2005 1615 10-05-2005 0903
LEW     I01-103U   HOUSE I/RANGE 01/BED 103U       09-30-2005 1615 10-04-2005 1615
LEW     I01-103LH  HOUSE I/RANGE 01/BED 103L H     09-22-2004 1615 09-30-2005 1615
LEW     I01-103U   HOUSE I/RANGE 01/BED 103U       09-22-2004 1327 09-22-2004 1615
LEW     Z04-327LDS HOUSE Z/RANGE 04/BED 327L DS    09-21-2004 1305 09-22-2004 1327
LEW     Z04-317LDS HOUSE Z/RANGE 04/BED 317L DS    09-03-2004 0947 09-21-2004 1305
LEW     Z01-024LAD HOUSE Z/RANGE 01/BED 024L AD    09-03-2004 0926 09-03-2004 0947
LEW     H02-215L   HOUSE H/RANGE 02/BED 215L       06-23-2004 1333 09-03-2004 0926
LEW     Z12-111UAD HOUSE Z/RANGE 12/BED 111U AD    06-15-2004 1323 06-23-2004 1333
LEW     Z12-127LAD HOUSE Z/RANGE 12/BED 127L AD    06-15-2004 1211 06-15-2004 1323
LEW     H02-215L   HOUSE H/RANGE 02/BED 215L       04-29-2004 1615 06-15-2004 1211
LEW     I02-212L   HOUSE I/RANGE 02/BED 212L       10-02-2003 0825 04-29-2004 1615
LEW     Z03-301LAD HOUSE Z/RANGE 03/BED 301L AD    09-25-2003 2202 10-02-2003 0825
LEW     Z01-127LAD HOUSE Z/RANGE 01/BED 127L AD    09-25-2003 2126 09-25-2003 2202
LEW     R01-001L   HOUSE R/RANGE 01/BED 001L       09-25-2003 2124 09-25-2003 2126
SPG     F01-214L   HOUSE F/RANGE 01/BED 214L       06-18-2003 0836 09-25-2003 1331
SPG     F01-006L   HOUSE F/RANGE 01/BED 006L       06-11-2003 0943 06-18-2003 0836
SPG     H01-019L   HOUSE H/RANGE 01/BED 019L       05-29-2003 0932 06-11-2003 0943
SPG     Z01-016L   HOUSE Z/RANGE 01/BED 016L       05-15-2003 1103 05-29-2003 0932
SPG     R01-001L   HOUSE R/RANGE 01/BED 001L       05-15-2003 0927 05-15-2003 1103
OKL     C09-322L   HOUSE C/RANGE 09/BED 322L       05-14-2003 1725 05-15-2003 0415
BRO     C13-006L   HOUSE C/RANGE 13/BED 006L       05-01-2003 0813 05-14-2003 1307
BRO     C19-005U   HOUSE C/RANGE 19/BED 005U       03-10-2003 1256 05-01-2003 0813
BRO     Z07-907LAD HOUSE Z/RANGE 07/BED 907L AD    03-07-2003 1602 03-10-2003 1256
BRO     Z07-907LAD HOUSE Z/RANGE 07/BED 907L AD    02-28-2003 1709 03-07-2003 1600
BRO     K06-808L   HOUSE K/RANGE 06/BED 808L       10-04-2002 1059 02-28-2003 1709
BRO     K06-805L   HOUSE K/RANGE 06/BED 805L       10-04-2002 1048 10-04-2002 1059
BRO     K06-808U   HOUSE K/RANGE 06/BED 808U       06-11-2002 1724 10-04-2002 1048
BRO     K07-804U   HOUSE K/RANGE 07/BED 804U       06-11-2002 0105 06-11-2002 1724
BRO     R02-001L   HOUSE R/RANGE 02/BED 001L       06-10-2002 1951 06-11-2002 0105


G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

000010

```
    HOU3D          *       PUBLIC INFORMATION        *      11-14-2008
    PAGE 003        *          INMATE DATA           4      14:44:40
                             AS OF 11-14-2008
```

REGNO..: 67949-053 NAME: JENNINGS, TROY

```
                RESP OF: ALP / DESIGNATED, AT ASSIGNED FACIL
                PHONE..: 570-547-0963     FAX: 570-547-9201
PRE-RELEASE PREPARATION DATE: 04-23-2016
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 10-23-2016 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

```
COURT OF JURISDICTION...........: NEW YORK, EASTERN DISTRICT
DOCKET NUMBER...................: 02-CR-743
JUDGE...........................: MURTHA
DATE SENTENCED/PROBATION IMPOSED: 03-07-2003
DATE COMMITTED..................: 05-15-2003
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                 FELONY ASSESS  MISDMNR ASSESS  FINES       COSTS
NON-COMMITTED.:  $600.00        $00.00          $00.00      $00.00
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NC    AMOUNT:  $38,823.79

----------------------CURRENT OBLIGATION NO: 010 -----------------------
OFFENSE CODE....:   540
OFF/CHG: 18:1951 CONSP TO COMMITT ROBBERY(CT1); 18:1951 ROBBERY (CTS4,5
         AND 6); 18:922(G)(1)  FELON IN POSSESSION OF A  FIREARM (CT8)

```
SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:  110 MONTHS
TERM OF SUPERVISION............:    3 YEARS
CLASS OF OFFENSE...............: CLASS C FELONY
DATE OF OFFENSE................: 03-16-2002
```

EMS-409.051 REQUEST FOR TRANSFER/APPLICATION OF MANAGEMENT VARIABLE CDFRM
AUG 99
U.S. DEPARTMENT OF JUSTICE                        FEDERAL BUREAU OF PRISONS

| From: Joseph V. Smith, Warden | Facility: USP Lewisburg, PA | Date: November 25, 2005 |
|---|---|---|
| Inmate's Name: JENNINGS, Troy | | Register No.: 67949-053 |
| To: D. Scott Dodrill, Regional Director Northeast Regional Office | | E. L. Tatum, Jr., Regional Designator |

_X_ Transfer to: Any appropriate "High" security level institution via Code 323 - Close Supervision
___ Apply Management Variable(s) _____
___ Update Management Variable Expiration Date. (New Date): _____

1.  Inmate's Medical Status:  Inmate Jennings is assigned regular duty with no medical restrictions.  He is cleared for Food Service work and is fully fit for transfer.

2.  Institution Adjustment:  Inmate Jennings arrived at USP Lewisburg on September 25, 2003, after completion of his medical evaluation from the federal medical facility in Springfield, Missouri.  Since his arrival, inmate Jennings received three disciplinary code infractions.  Inmate Jennings was assigned to the Food Service work detail, where he received satisfactory work performance evaluations.  Inmate Jennings is participating in the GED Program, where he is making satisfactory progress.  Currently, his adjustment to incarceration is considered to be average.

### DISCIPLINARY RECORD

3. Date           Code/Offense                    UDC/DHO Disposition

On September 3, 2004, inmate Jennings was found guilty by the Discipline Hearing Officer of Code 219, Stealing.  There are no further disciplinary code infractions scored on his Custody Classification Form at this time.

4.  Rationale for Referral:  Inmate Jennings was initially designated to the United States Medical Center for Federal Prisoners, Springfield, Missouri on May 15, 2003, as an initial court commitment.  On September 25, 2003, he was transferred to USP Lewisburg, Pennsylvania after completion of his medical treatment.  Inmate Jennings is serving a 110 month sentence for Conspiracy to Commit Robbery, Robbery, Use of a Firearm During a Crime of Violence, and Felon in Possession of a Firearm.  Inmate Jennings has a projected release date of August 8, 2016, via Good Conduct Time release method.  Inmate Jennings is a "High" security level inmate maintained under "In" custody.

REVIEWED AND RELEASED

APR 3 0 2008

SCRO LEGAL OFFICE   F.O.I. EXEMPT

```
LEW21          *        PROGRESS REPORT         *      12-09-2005
PAGE                                                   19:33:40
```

RSP OF: LEW LEWISBURG USP         US DEPARTMENT OF JUSTICE BUREAU OF PRISONS
        2400 ROBERT F. MILLER DRIVE
        LEWISBURG, PA 17837
        570 523-1251
NAME: JENNINGS, TROY              REG NO: 67949-053 AGE(DOB): 41/08-23-1964

| INMATE REVIEWED/SIGNATURE | DATE | STAFF SIGNATURE |
|---|---|---|
| | | |

TYPE OF PROGRESS REPORT:
INITIAL __ SIH ___ TRIENNIAL ___ PRE-RELEASE ___ TRANSFER _X_ OTHER: _____

PRESENT SECURITY/CUSTODY LEVEL:
  HIGH     /IN

OFFENSE/VIOLATOR OFFENSE:
SENTENCE IMPOSED AND TERM OF SUPERVISION:

  18:2114(A)-ROBBERY; 18:1951 CONSP TO COMMITT ROBBERY;18:924(C)
  USE FIREARM CRIME OF VIOLENCE; 18:922 FELON IN POSS FIREARM
   7 YEARS    110 MONTHS          /    5 YEARS

DATE COMPUTATION BEGAN: 03-07-2003

| DAYS FSGT/WSGT/DGCT: | DAYS GCT OR EGT/SGT: | MONTHS SERVED: |
|---|---|---|
| | | + JAIL CREDIT - INOP TIME |
| 0    /0    /40 | 122 | M:    33 D: 3 |
| | | + 276   JC - 0       INOP |

PROJECTED RELEASE DATE: 08-08-2016 |PROJECTED RELEASE METHOD: GCT REL

DETAINERS/PENDING CHARGES:
NONE ON FILE

CO-DEFENDANTS: (LIST CO-DEFENDANTS, SENTENCE LENGTH AND PAROLE ACTION IF
PAROLABLE)

DISTRIBUTION: ORIGINAL TO INMATE, COPY TO USPO, COPY TO USPC
              CENTRAL FILE - SECTION TWO          ::          BP-CLASS-3

------------------------  INSTITUTIONAL ADJUSTMENT  ------------------------

INMATE JENNINGS WAS ORIGINALLY SENTENCED ON MARCH 7, 2003, IN THE UNITED STATES
DISTRICT COURT, EASTERN DISTRICT OF NEW YORK TO A 7 YEAR, 110 MONTH SENTENCE FOR
ROBBERY, CONSPIRACY TO COMMIT ROBBERY, USE OF FIREARM DURING A CRIME OF VIOLENCE, AND
FELON IN POSSESSION OF A FIREARM.  ON MAY 15, 2003, HE WAS INITIALLY DESIGNATED TO THE
UNITED STATES MEDICAL CENTER FOR FEDERAL PRISONERS, SPRINGFIELD, MISSOURI FOR SERVICE
OF HIS SENTENCE.  ON SEPTEMBER 25, 2003, HE WAS TRANSFERRED TO USP LEWISBURG,
PENNSYLVANIA FOLLOWING THE COMPLETION OF HIS MEDICAL TREATMENT.  CURRENTLY, HIS
ADJUSTMENT TO INCARCERATION IS CONSIDERED TO BE LESS THAN AVERAGE.  INMATE JENNINGS
HAS AMASSED THREE DISCIPLINARY CODE INFRACTIONS SINCE HIS ARRIVAL TO USP LEWISBURG.

A.  PROGRAM PLAN:

AT HIS INITIAL CLASSIFICATION AND SUBSEQUENT PROGRAM REVIEWS, IT WAS RECOMMENDED HE
PARTICIPATE IN THE FOLLOWING PROGRAMS: GED PROGRAM, CODE PROGRAM, INMATE FINANCIAL
RESPONSIBILITY PROGRAM, RESIDENTIAL DRUG EDUCATION PROGRAM, LEISURE TIME ACTIVITIES,
SECURE A UNICOR WORK DETAIL ASSIGNMENT, PSYCHOLOGY GROUPS, AND THE RELEASE PREPARATION
PROGRAM.

NAME:  JENNINGS, TROY              REG NO: 67949-053

E.  INCIDENT REPORTS:

```
--------------------------------------------------------------------------
DHO HEARING DATE/TIME: 09-03-2004 0923    INCIDENT DATE/TIME: 08-26-2004 0700
HEARING IS ALSO BASIS FOR EXECUTION OF DS        SUSPENDED 06-22-2004 0845
     219  STEALING - FREQ: 1
          DIS GCT     / 27 DAYS / CS
          COMP:010 LAW:P
          DS          / 14 DAYS / CS
          COMP:   LAW:
          LP COMM     / 30 DAYS / CS
          COMP:   LAW:
          MON REST    / 1.89 DOLLARS / CS
          COMP:   LAW:   RESTITUTION OF $1.89 FOR THE F/S ITEMS
--------------------------------------------------------------------------
DHO HEARING DATE/TIME: 06-22-2004 0845    INCIDENT DATE/TIME: 06-15-2004 1150
     399  DISRUPTIVE CONDUCT-MODERATE - FREQ: 1
          DIS GCT     / 13 DAYS / CS
          COMP:010 LAW:P   MOST LIKE 307
          DS          / 7 DAYS / CS / SUSPENDED 180 DAYS
                        EXECUTED BASED ON HEARING OF 09-03-2004 0923
          COMP:   LAW:   MOST LIKE 307
          LP COMM     / 30 DAYS / CS
          COMP:   LAW:   MOST LIKE 307
--------------------------------------------------------------------------
UDC HEARING DATE/TIME: 02-23-2004 1740    INCIDENT DATE/TIME: 02-23-2004 0758
     307  REFUSING TO OBEY AN ORDER - FREQ: 1
          LP COMM     / 30 DAYS / CC / SUSPENDED 90 DAYS
          COMP:   LAW:   NOT GUILTY OF 499
     317  FAILING TO FOLLOW SAFETY REGS - FREQ: 1
          LP COMM     / 30 DAYS / CC / SUSPENDED 90 DAYS
          COMP:   LAW:
```

F.  INSTITUTIONAL MOVEMENT:

ON MAY 15, 2003, INMATE JENNINGS WAS INITIALLY DESIGNATED TO USMCFP SPRINGFIELD, MISSOURI.  ON SEPTEMBER 25, 2003, HE WAS TRANSFERRED TO USP LEWISBURG, PENNSYLVANIA FOLLOWING THE COMPLETION OF HIS MEDICAL TREATMENT.  THERE HAS BEEN NO FURTHER MOVEMENT TO DATE.

| INSTITUTION | ASSIGNMENT | REASON FOR MOVEMENT | EFFECTIVE DATE |
|---|---|---|---|
| LEW | A-DES | TRANSFER RECEIVED | 09-25-2003 |
| SPG MH | A-DES | US DISTRICT COURT COMMITMENT | 05-15-2003 |

G.  PHYSICAL AND MENTAL HEALTH:  INMATE JENNINGS IS ASSIGNED REGULAR DUTY STATUS WITH NO MEDICAL RESTRICTIONS.  HE HAS DISCLAIMED ANY PRESENT PHYSICAL OR MENTAL DISORDERS WHICH WOULD REQUIRE HIS REVIEW BY MEDICAL STAFF.  THERE ARE NO PHYSICAL OR MENTAL HEALTH ISSUES NOTED WHICH WOULD IMPACT ON HIS TRANSFER OR PLACEMENT IN A GENERAL POPULATION SETTING.

H.  PROGRESS ON FINANCIAL RESPONSIBILITY PLAN:  THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK, IMPOSED A $600 FELONY ASSESSMENT AND RESTITUTION IN THE AMOUNT OF $38,823.79.  INMATE JENNINGS IS CURRENTLY PARTICIPATING IN THE INMATE FINANCIAL RESPONSIBILITY PROGRAM BY MAKING $25 QUARTERLY PAYMENTS TOWARD THESE OBLIGATIONS.

| FRP ASSIGNMENT | | START DATE |
|---|---|---|
| PART | FINANC RESP-PARTICIPATES | 10-09-2003 |

```
    HOU3D          *      PUBLIC INFORMATION          *    11-14-2008
  PAGE 004         *         INMATE DATA             *    14:44:40
                            AS OF 11-14-2008
```

RECNO..: 67949-053 NAME: JENNINGS, TROY

```
                    RESP OF: ALP / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 570-547-0963    FAX: 570-547-9201
------------------------CURRENT OBLIGATION NO: 020 ------------------------
OFFENSE CODE....:  130
OFF/CHG: 18:924(C) USE OF A FIREARM IN RELATION TO A CRIME OF
         VIOLENCE (CT7)

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:     7 YEARS
 TERM OF SUPERVISION............:     5 YEARS
 CLASS OF OFFENSE...............: CLASS A FELONY
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: C/S TO 010/010
 DATE OF OFFENSE................: 03-30-2002

------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 02-15-2008 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 03-07-2008 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 010 020

DATE COMPUTATION BEGAN..........: 03-07-2003
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:     7 YEARS   110 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    16 YEARS     2 MONTHS
AGGREGATED TERM OF SUPERVISION..:     5 YEARS
EARLIEST DATE OF OFFENSE........: 03-16-2002

JAIL CREDIT.....................:     FROM DATE     THRU DATE
                                     04-13-2002    04-18-2002
                                     06-10-2002    03-06-2003
```

G0002        MORE PAGES TO FOLLOW . . . .

```
  HOU3D          *        PUBLIC INFORMATION        *     11-14-2008
PAGE 005 OF 005 *           INMATE DATA            *.    14:44:40
                           AS OF 11-14-2008

REGNO..: 67949-053 NAME: JENNINGS, TROY

                    RESP OF: ALP / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 570-547-0963    FAX: 570-547-9201
TOTAL PRIOR CREDIT TIME.........: 276
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 649
TOTAL GCT EARNED................: 197
STATUTORY RELEASE DATE PROJECTED: 10-23-2016
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 08-03-2018


PROJECTED SATISFACTION DATE.....: 10-23-2016
PROJECTED SATISFACTION METHOD...: GCT REL




S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

# CERTIFICATE OF SERVICE

*# 67949058*

I, _TROY JENNINGS_, hereby certify that I have served a true
and correct copy of the foregoing:

Which is deemed filed at the time it was delivered to prison authorities for forwarding to
the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to
litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage
prepaid envelope addressed to:

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this _2_ day of _AUGUST 2010_.

Respectfully Submitted,

_Troy Jennings_

REG. NO. _67949053_

Troy Jennings #67949053
U.S.P. Coleman II
PO Box 1024
Coleman, Fl 33521

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP - 7 2010 ★
BROOKLYN OFFICE

LEGAL
Mail



Tampa/St Pete FL 336
THU 02 SEP 2010 PM

CLERK OF U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, N.Y. 11201