UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | File No. 1:02-cr–743 (JGM) |
| | : | |
| TROY JENNINGS | : | |
| _____ | : | |

RULING ON PENDING MOTIONS
(Docs. 120, 121, 123, 124, 125, 128, 129, 130, 131,
132, 133, 134, 138, 140, 141, 144, 147, 148, 149.)

Defendant Troy Jennings was convicted of robbery, conspiracy and weapons charges, and, on March 20, 2003, was sentenced to 194 months in prison. The Second Circuit affirmed the conviction and sentence. United States v. Angelo, 87 F. App'x 205 (2d Cir. 2004). Jennings began filing motions in late 2010 and the Court issued orders on November 18, 2011 (Doc. 112) and February 7, 2012 (Doc. 119). Between February 2012 and April 2013, Jennings, proceeding pro se, filed numerous additional motions essentially requesting modification of his sentence and/or modification of the conditions of his supervised release. See Docs. 120, 121, 123, 124, 125, 128, 129, 130, 131, 132, 133, 134, 138, 139, 140, 141, 144, 147, 148, 149, 150. Jennings principally questions the imposition of a portion of the restitution ordered by the Court. The Court now considers the majority of the pending motions as a mandate of the United States Court of Appeals for the Second Circuit issued on March 26, 2014 (Doc. 164).

In a July 2013 Order, Judge Weinstein vacated the part of the Judgment that orders Jennings to pay $34,000 in restitution to United States Post Office Corona A Station ("Corona A") and ordered the United States Probation Department for the Eastern District of New York to delete any reference to restitution in the amount of $34,000 to Corona A owed by Jennings in paragraph 119 of the Revised Presentence Investigation Report dated November 6, 2009.

(Doc. 158.) In view of Judge Weinstein's Order, the following motions have been considered and decided: Document 120, Document 123, Document 126,[1] Document 127, Document 128, Document 131, Document 132, Document 133, Document 134, Document 138, Document 140, Document 141, Document 147, and Document 149. The Clerk is directed to terminate these motions. Jennings' motions for appointment of counsel and an evidentiary hearing (Docs. 121, 125, 138, 140, 141) are DENIED as moot.

Document 124 is DENIED as moot in light of the Court's construing it as a Notice of Appeal, see Dkt. Entry No. 136.

With regard to any remaining issues purportedly raised under Rule 60(b) of the Federal Rules of Civil Procedure, the requested relief is denied. It is questionable whether a Rule 60(b) motion is proper since it pertains to civil actions. Furthermore, any purported Rule 60(b) motion is untimely as motions filed in 2012-2013 were filed over nine years after the March 2003 judgment. Accordingly, Document 144 and Document 148 are DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 1st day of July, 2014.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge
Sitting by Designation

---

[1] The Court denies the motion in light of Judge Weinstein's Order and refuses to construe it as a petition for writ of habeas corpus notwithstanding that the motion is titled "Oder [sic] to Show Cause Habeus [sic] Corpus Writ of Error" because it would be second or successive.